IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 3:15-00117-02

SANFORD DALE CREMEANS

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Appeal and Motion to Review Detention Order (ECF No. 27).[1] Defendant requests *de novo* review of the Detention Order entered by Magistrate Judge Eifert, arguing that circumstances indeed exist to rebut the presumption in favor of detention. Those circumstances will be newly considered below, after first setting out the procedural background, standard of review and applicable law.

I.   BACKGROUND

On May 28, 2015, a federal grand jury charged Defendant Sanford Dale Cremeans with distribution of a quantity of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and two counts of aiding and abetting the same, in violation of 18 U.S.C. § 2. ECF No. 1. That same day, Defendant was arrested and the United States filed a Motion for Detention Hearing pursuant to 18 U.S.C. § 3142(f).

---

[1] Though Defendant's motion is styled as an "Appeal and Motion to Review," this Court only entertains Defendant's request as a motion to review the Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b). *See United States v. Harrison*, 396 F.3d 1280 (2nd Cir. 2005) (explaining "that a magistrate judge's ruling on detention under § 3145 is not 'final' for purposes of appellate review"); *see also* Charles Alan Wright, et al., Federal Practice and Procedure, § 3918.2 (1992) ("Because § 3145(c) provides that appeal from a release or detention order is governed by § 1291, which authorizes appeals only from final decisions of the district courts, an order entered by someone other than the district judge must be reviewed by the district judge before appeal can be taken to the court of appeals.").

On June 1, 2015, Magistrate Judge Cheryl A. Eifert arraigned Defendant and held the requested detention hearing. Having reviewed the Pretrial Services Report and considered arguments of the parties, Magistrate Judge Eifert ordered that Defendant be detained.

Shortly thereafter, on June 5, 2015, Defendant filed a motion seeking review of Magistrate Judge Eifert's Detention Order, pursuant to 18 U.S.C. § 3145. ECF No. 27. On June 8, 2015, the United Stated filed a Response to Defendant's motion.

## II. STANDARD OF REVIEW & APPLICABLE LAW

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *U.S. v. Stewart*, 19 Fed. Appx. 46, 48 (4th Cir. 2001); *cf. United States v. Shrader*, 1:09-cr-00270, 2010 WL 503092, at *1 (S.D. W.Va. Feb. 8, 2010) (noting that a court "need not hold a second detention hearing" upon a motion for review of detention orders under § 3145(b)). That is, this Court will thoroughly review the record before Magistrate Judge Eifert in light of the applicable law and will make an independent, non-deferential determination regarding pretrial detention.

Pursuant to 18 U.S.C. § 3142(b) and (c), pretrial release on personal recognizance or other bond and subject to certain statutory conditions is appropriate, unless the court "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 Fed. Appx. at 48. Thus, the United States must either (1) demonstrate by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community,"

*United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005), or (2) demonstrate "by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings." *Shrader*, 2010 WL 503092, at *1 (citing *Stewart*, 19 Fed. Appx. at 48).

In order to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court must take the following factors into account: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including family ties, employment, financial resources, past conduct, criminal history, record of appearance at court proceedings, and whether the person was on release at the time of the charged offense;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The statute further creates a rebuttal presumption in favor of detention in certain instances. As discussed below, because there is probable cause to believe that Defendant indeed committed the charged controlled substance offense, the Court must entertain the presumption that no condition or conditions will reasonably assure the appearance of Defendant as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). It is against that standard that Defendant requests *de novo* review of Magistrate Judge Eifert's detention order.

### III. DISCUSSION

Defendant argues that the presumption in favor of detention is rebutted by the following circumstances: (1) Defendant owns his own home with his wife and shares that home with his son, daughter, niece, and nephew; (2) Defendant maintains that he is very ill, but has not yet provided any supporting documentation; (3) Defendant is currently prescribed Xanax to control seizures,

-3-

but the jails will be unable to provide him with that prescription; and (4) Defendant recently maintained a $100,000 bond for four years while under indictment in a case that was ultimately dismissed. ECF No. 27. Defendant has not yet provided any supporting medical records. The United States maintains that detention is appropriate because no conditions of release would reasonably assure Defendant's appearance as required and the safety of any other person and the community.

Notwithstanding Defendant's argument to the contrary, this Court independently finds that Defendant has not satisfactorily rebutted the presumption that no condition or conditions of supervised release would adequately safeguard the community or reasonably ensure Defendant's presence at future proceedings. First, there is probable cause to believe that Defendant committed the charged offenses. As represented to Magistrate Judge Eifert, this Court understands that the United States has strong evidence in support of the charged offenses. Such evidence includes audio and video recordings evidencing Defendant's unlawful conduct.

Second, the nature of the charged offenses does not support pretrial release. Defendant is charged with distributing heroin and aiding and abetting the distribution of heroin. Each felony offense carries a maximum statutory penalty of twenty years imprisonment. In short, Defendant is facing serious criminal charges.

Third, the history and characteristics of Defendant do not support pretrial release. As alleged, Defendant committed the instant offense conduct while on bond for controlled substances offenses pending in Cabell County Circuit Court. At the time of his arrest, Defendant tested positive for controlled substances including morphine, oxycodone, benzodiazepine, and cocaine.

Beyond the instant charges, Defendant has a lengthy and serious criminal history, including convictions for aggravated robbery, escape from custody, second degree murder,

misrepresenting identity, contempt of court, domestic violence-menacing, and driving on a suspended license following a DUI charge. In addition to these convictions, Defendant also has prior arrests for possession of controlled substances, domestic battery, receiving stolen property, possession with the intent to distribute a controlled substance, fleeing from an officer, falsification, and carrying a concealed weapon. Based on Defendant's prior convictions, he is likely to be classified as a career offender for purposes of sentencing. As a career offender, Defendant would face a substantial guideline range at sentencing. The fact that Defendant may be subject to a substantial sentence if convicted weighs in favor of detention.

Moreover, Defendant does not have a consistent history of complying with the conditions of parole or bond, nor does he have a consistent history of making appearances as required while released on bond. For instance, while Defendant was on parole following his aggravated robbery and escape convictions, Defendant committed second degree murder during an attempted burglary. Additionally, Defendant has failed to appear for at least one pretrial hearing on previously pending charges. Finally, as mentioned above, Defendant committed the instant offense while on bond related to other controlled substance offenses. In addition to generating concerns regarding nonappearance, Defendant's criminal history also suggests that the community would be exposed to serious dangers by Defendant's release. As it has on previous occasions when Defendant was paroled or on bond, such dangers include the commission of additional offenses. Given Defendant's extensive criminal history and inconsistent compliance with conditions of parole and bond release, recent completion of one bond term cannot rebut the presumption in favor of detention.

Turning to additional arguments raised in Defendant's motion, the Court similarly finds that Defendant has not rebutted the presumption that no condition or conditions of release would

adequately safeguard the community and reasonably ensure Defendant's appearance. While Defendant does have family ties, those ties notably include his wife and co-Defendant. Defendant is not employed, and he reports no source of income beyond rent payments made by individuals that periodically stay in his home. Though Defendant holds out that he owns that home, the prior owners of the home currently have a lien on the residence for its full value. In light of that lien, there is limited to no financial investment that would compel Defendant to satisfy pretrial release conditions, further increasing his risk of nonappearance.

Though the Court is not unsympathetic to Defendant's medical concerns, Defendant has not provided any supporting documentation from treating physicians. In addition to the absence of supporting evidence, such considerations are notably outside the statutory factors intended to guide pretrial detention issues. Indeed, one could readily conclude that such factors increase the risk of nonappearance. In sum, Defendant has failed to rebut the presumption in favor of detention and continues to appear to present a risk of nonappearance if he were to be released on bond.

## IV. CONCLUSION

Having conducted a *de* novo review of the detention order pursuant to 18 U.S.C. § 3145(b), and for the foregoing reasons, the Court **FINDS** by clear and convincing evidence that no condition or combination of conditions could protect the safety of other persons and the community. The Court further **FINDS** by a preponderance of the evidence that detention is necessary to reasonably assure Defendant's appearance at future proceedings. Accordingly, the Court **AFFIRMS** Magistrate Judge Eifert's Detention Order and **ORDERS** that Defendant remain in the custody of the United States Marshal pending trial.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

       ENTER:  June 16, 2015

       _____
       ROBERT C. CHAMBERS, CHIEF JUDGE